P. J. WILLIS & BRO. v. JNO. H. MORRISON ET AL.

1. PLEADING—PRACTICE—SUIT ON DRAFT.—In a suit against A and B on a draft, which on its face appears to have been executed by both of them as partners in the firm name, but which was executed by A only, judgment may be rendered against A, and in favor of B, when it is shown under plea of *non est factum* that the draft was not executed by B or by his authority.

2. PRACTICE.—The rigid system of the common law regarding forms of action, which required the plaintiff to be nonsuited if he sued two persons on a joint contract, and one of them showed himself not be liable, has no application here.

3. Distinguished from Speake *v.* White, 14 Tex., 365. McFarland *v.* Wofford, 16 Tex., 602, approved.

APPEAL from Anderson. Tried below before the Hon. M. H. Bonner.

This was an action brought by appellants, P. J. Willis &

Bro., against John H. Morrison and H. C. Hunt, as merchant partners, doing business under the firm name of John H. Morrison & Co., on an instrument of writing directed to Double & Wooters, in favor of P. J. Willis & Bro., and signed "John H. Morrison & Co., per T. C. Hooker," which instrument was partly paid. To recover the balance this suit was brought. The petition alleged that Morrison & Hunt were partners; that Hooker was their agent; that they were liable on the instrument as a firm, and judgment was asked against them for the debt and damages, and for general relief.

Morrison filed general and special exceptions, and a general denial. Hunt filed general and special exceptions, general denial, and a plea of "*non est factum*," denial of partnership, and a denial that Hooker was agent for him, or any firm of which he was a member. Plaintiffs plead subsequent ratification of Hooker's acts by Hunt. The court charged, among other things, that if the jury found for Hunt, under the plea of "*non est factum*," &c., that they must also find for Morrison. The jury returned their verdict, viz: "We, the jury, find for the defendant." P. J. Willis & Bro. filed a motion for a new trial, and assigned for error that the court erred in its charge to the jury.

*Reagan & Greenwood*, for appellants.

*Jno. Young Gooch*, for appellees.

I contend that the court properly charged the jury that if they found for Hunt they must also find for Morrison. The statute requires "a full and clear statement of the cause of action, and such other allegations pertinent to the cause as he, plaintiff, may deem necessary to sustain the suit; and also a full statement of the nature of the relief he requests of the court." (Paschal's Dig., art. 1427.) A case must be properly stated, and the proof must corre-

spond with the allegation as made. "Facts not alleged, though proven, cannot form the basis of a decree or judgment." (Hall v. Jackson, 3 Tex., 305.) "Evidence, although admitted without objection, which was not anticipated by proper allegation in the pleadings, should be disregarded." (Paul v. Perez, 7 Tex., 338.) "A party must recover, if at all, on the identical case on which he has based his right of recovery in stating his cause of action." (Thompson v. Thompson, 12 Tex., 329.) "A full statement of the nature of the relief requested must be made." (Paschal's Dig., art. 1427; Hogan v. Kellum, 13 Tex., 399; Oustott v. Oustott, 27 Tex., 643.)

I contend that P. J. Willis & Bro. sued Morrison & Hunt as partners, and asked judgment against them as such, and that they will not be permitted to prove a case against one of them only. The allegation and proof must correspond. The case of Speake v White, 14 Tex., 365, is considered decisive of this question.

ROBERTS, CHIEF JUSTICE.—This is a suit upon an unpaid draft, against the drawers, alleged to be given for a previous debt due to the payees from the firm of Morrison & Co., of which Hunt was a member.

Morrison excepts, and pleads a general denial. Hunt also excepts, and pleads *non est factum*, and that he was not, at the time said draft was executed, a partner in said firm. This is denied by plaintiffs, Willis & Bro., and in avoidance, it is also replied that Hunt, after its execution, fully ratified the act, which is denied by Hunt. There was a verdict for "defendant," and judgment for both defendants.

Appellant makes a question upon the pleadings as to whether or not the plea of *non est factum* was properly in the case, under the rulings of the court, although it seems to have been so treated by the parties, as shown by the evidence adduced, and by the court in its charge, and no

such question was made on the trial, after the issues were
settled, as exhibited in the recitals of the judgment.

Questions were raised also as to the sufficiency of the
petition, as well as of the pleas, and upon a motion for
new trial it was objected that the verdict of the jury was
not supported by or responsive to the evidence, and that
the court erred in the charge to the jury, by which they
were misled.

From the view which we take of the case, it is not deemed
necessary to particularly discuss any of these questions,
except the last, relating to the charge, as the pleadings
may be amended and the proof may be varied upon
another trial, so as to make both defendants liable.

At the end of a very correct and perspicuous charge,
relating to the law arising upon the issues presented, upon
the pleadings, and upon the evidence, the jury are instructed
as follows: " If you cannot find against defendant Hunt,
neither can you find against defendant Morrison."

The question is, was this a correct charge in reference to
the pleading and evidence in this case. The action was
founded on the draft, and not on the account for the
settlement of which it was given, and the petition claimed
a judgment on it against both defendants, as partners, and
prayed for general relief. The facts, as presented in the
record, showed that both defendants were liable for the
debt for which the draft was given, and that it was given
by Hooker, by the authority and direction of Morrison, in
the settlement of an account due from the firm of Morrison
& Co. to the plaintiffs, though the account was not set out
and declared on as constituting the cause of action, either
in whole or in part, in the petition. The effect of the
charge referred to was, that if Hunt maintained his defense
of *non est factum,* and was not liable to be sued on the
draft, it constituted no cause of action in this suit against
Morrison, and that they should not render a verdict against
him in this case.

The appellee's counsel contend that this charge is correct, and in support of it refer to the case of Speake *v.* White (14 Tex. Rep., 365) as decisive of the question.

That was an action by Speake and another, plaintiffs in error, against White and Powell, late merchants, on an account dated in December, 1851, with a written acknowledgment of a certain amount due, dated February 10, 1853, and signed, "White and Powell, in liquidation." Powell pleaded that the partnership of White & Powell was dissolved on the 27th March, 1852, and that White, without his knowledge and consent, made the acknowledgment in writing of the amount due on said note, and that it was not executed by him, Powell, or by any one authorized by him. There was a judgment against the plaintiff, Speake, and in favor of both of the partners, although it was proved by the plaintiff himself that the partnership was dissolved before the time of the acknowledgment by White.

Justice Wheeler, in delivering the opinion of the court, says: "The principal question to be determined is, whether the acknowledgment or promise made by one of the copartners and defendants, after the dissolution of the partnership, was binding upon the firm and would warrant a recovery thereon without other evidence of the antecedent indebtedness of the firm. Whether one partner has the power to bind the firm by his acknowledgment after the dissolution of an antecedent indebtedness has been an unsettled and much disputed question. But there is certainly a great weight of authority, in the American decisions, in support of the negative of this question." He quotes 3 Kent Com., 351 n. and 50; Story Part., sec. 323, 324; Van Keuren *v.* Parmelee, 2 Com. N. Y. Rep., 523; Bell *v.* Morrison, 1 Pet., U. S. R., 351.

He concludes by saying "that such acknowledgments are not binding upon the other partners is the safer and sounder doctrine upon principle and the better supported

by authority. And we are of opinion that it was very properly applied in this case."

That was the only question of law discussed in the opinion, although the court below had charged, as in this case, that if a verdict was found for Powell it must also be found for the other partner, White, who had made the acknowledgment. The judgment in favor of both defendants was affirmed without noticing this charge.

The acknowledgment in that case, in and of itself, was not the cause of action declared on, but it was set out, in connection with the account, as evidence of its correctness, the suit being in the nature of an action on an account stated. The acknowledgment was not, therefore, a contract, like a note or draft, given to settle a previous account, which, when given, becomes a new contract, on which an action may be brought, without any dependence upon the previous account. Under this view of that case the court might well have held that the acknowledgment, being used as proof and not as a contract, was not sufficient to establish the correctness of the account against the firm, and if not against the firm, it did not establish it as against White as one of the firm.

They might have held very differently, however, if White, instead of acknowledging the correctness of the account, had given a note to which he subscribed the firm name, after the dissolution of the partnership, in settlement of said account. In that case the suit could be founded on the note, which, if negotiable, would import a consideration, and if not negotiable, one could be averred for it, as it was done in this case. The question in such a case would be, can a suit be maintained against the one who makes a note by signing his own name and that of another without any authority from such other person?

There is no question, it is presumed, that such a suit can be maintained singly against the one signing the note, upon proper averments and proof of the non-liability of

the other.   It is resolved, then, into a question of pleading and practice as to whether such a suit can be maintained against one that is brought against both, where the other person pleads and proves his non-liability on the note because it was not made by him or by his authority.   Our statute prescribes that "judgments in the District Court shall in all civil cases be rendered so as to conform to the pleadings, the nature of the case as proved, and the verdict thereon." (Paschal's Dig., art. 1476.)   If the verdict had been rendered, in this case, for Hunt and against Morrison, who really made no defense, and a judgment had been rendered accordingly, it would have conformed to the nature of the case as proved, and to the pleadings also, unless we adopt the rigid system of common law as to forms of action, which required the plaintiff to be non-suited if he sued two persons on a joint contract and one of them showed himself not to be liable on the contract.   This would, it is believed, be contrary to the whole current of our practice and decisions from the earliest times of our judicial history.   (Austin & Clapp v. Jordan, 5 Tex., 130.)   Most of the cases in which this question has been discussed have related to discontinuances, where an unnecessary party had been joined, or where service was not had upon one of the defendants joined in the suit, which was held to be permissible, even when the party not served is one of several partners, before our statute was passed expressly permitting it.   (Hawkins v. Tinnen, 10 Tex., 188; Paschal's Dig., arts. 1448, 1514; Forbes v. Davis, 18 Tex., 274; 1 Pet., 46.)

In the case of McFarland v. Wofford, 16 Tex., 602, the question now under consideration was directly decided by affirming a judgment in a case very similar in principle to this, wherein suit had been brought against two persons, as partners, on a note executed by one of them, and upon a plea of *non est factum* a verdict and judgment was rendered for one of the defendants and against the other.   The

court below had charged the jury to find in favor of Wofford if they were satisfied of the proof of his plea of *non est factum,* and against the other defendant, who made no defense; and they found a verdict accordingly. A judgment in accordance with this verdict was affirmed by the Supreme Court without even noticing it as anything unusual, improper, or illegal; nor was it at all referred to with briefs as a matter objectionable, though the case was strongly contested by experienced counsel.

We are of opinion that the charge of the court in this case, requiring the jury to find for Morrison also if they found a verdict for Hunt, was erroneous, and, in reference to the evidence on the trial as exhibited here in the record, misled the jury and caused them to not find for the plaintiffs against Morrison, one of the defendants, as they otherwise would have done, and properly so, as the evidence appears in the record before us.

REVERSED AND REMANDED.