### HAYDEN SADDLERY HARDWARE CO. v. RAMSAY & FORD.

Delivered June 10, 1896.

**1. Pleading—Amendment—Denial of Partnership.**

An amended answer denying the existence of a partnership between several defendants, filed after an answer to the merits, does not come too late.

**2. Judgment by Default—Verdict.**

Where there are several defendants, a judgment by default against one of them is taken subject to the amount which the jury may find to be due by him; and if nothing is due, no judgment can be rendered against him.

**3. Pleading—Denial of Partnership by One Defendant.**

Where several defendants are sued as partners, a denial of the partnership by one inures to the benefit of all.

**4. Confession of Judgment After Verdict.**

Where the jury returns a verdict in favor of the several defendants, plaintiff cannot complain if one of them afterwards comes in and confesses judgment against himself.

5. **Assignment for Benefit of Creditors—Husband and Wife—Community Property.**

Where a wife in the execution of an assignment for the benefit of creditors described as hers is joined by her husband, the assignment is valid, since, although the wife had no power to engage in a mercantile business, and the property was community property and the debts community debts, the joinder of the husband evidenced his acquiescence, and made it his deed.

6. **Statute of Limitations—New Promise—Partnership.**

Where it is sought to charge several defendants on an account as partners, and the partnership is denied and not proven, a letter written by one of them binds no one but himself as a new promise to pay the debt.

7. **Attachment—Proof of Value.**

Where the pleadings fully allege the value of goods attached, and there is no controversy as to their value, the return of the sheriff is sufficient proof of the same.

APPEAL from Bexar. Tried below before Hon. ROBERT B. GREEN.

*Franklin & Cobbs* and *Clark, Summerlin & Fuller*, for appellant.—
1. The plea denying the existence of a partnership as alleged in plaintiff's petition is a plea in abatement, and was waived by the defendants filing a plea to the merits before filing such plea in abatement. Sayles' Civ. Stats., arts. 1262, 1269; Howard v. Britton, 71 Texas, 286; Davis v. Willis, 47 Texas, 154; Bishop v. Honey, 34 Texas, 251; White & Will., vol. 1, sec. 294; Sayles' New Pleading, secs. 415, 425, 453.

2. An erroneous charge, resulting in a verdict for defendants, cannot be cured by one of the defendants after verdict, confessing that judgment should be entered against him for the amount of plaintiff's claim. The judgment not being based upon the verdict of the jury, but being contrary to it, must be reversed. Handel v. Elliott, 60 Texas, 145; Claiborn v. Towns, 18 Texas, 68; Bledsoe v. Wills, 22 Texas, 651.

3. The deed of assignment is invalid for the reason it is an attempt to make such by a married woman, of property shown by the evidence to be community property, and in same the husband does not attempt to join except formally. Heffron v. Pollard, 73 Texas, 96; Rogan v. Williams, 63 Texas, 123; Soell v. Hadden, 85 Texas, 182.

4. It was incumbent upon the assignee E. M. Ford, before he could recover for a conversion of the goods in question, to both allege and prove their value at the time and place of conversion. Gillies v. Wofford, 26 Texas, 76; Carter v. Wallace, 2 Texas, 206; Elevator Co. v. Mitchell, 78 Texas, 64; Block v. Sweeney, 63 Texas, 419.

*Barnard & McGown*, for appellees.—1. A sworn denial of partnership is a plea in bar, and in no sense a plea in abatement, and under the rule requiring answers to be filed in due order of pleading ought to be filed as a special plea in bar. Its only purpose is to put the plaintiff upon proof of the allegation which, under the statute, plaintiff would not have to prove in the absence of said denial. Rev. Stats., art. 1265, sec. 6; Sayles' Pleading and Forms, sec. 453; Fowler v. Davenport, 21 Texas, 634; Campton v. Stage Co., 25 Texas, Supp., 78; Cushing v. Smith, 43 Texas, 267; Alexander v. Lewis, 47 Texas, 492; Congdon v.

Monroe, 51 Texas, 111; Keithley v. Seydell, 60 Texas, 83; Water Works v. White, 61 Texas, 538.

2.  The court erred in instructing a verdict for Ford, but this he corrected, as he had the right to do, by confessing judgment, and this cures the error and leaves the plaintiff no ground for complaint.  It is not in any way connected with the judgment against plaintiff on cross action. Rev. Stats., art. 1349; Henderson v. Banks, 70 Texas, 400; Cunningham v. Smithson, 12 Leigh (Va.), 32; Elliott Appellate Procedure, § 632; Mercer v. Hall, 2 Texas, 284; Wood v. Wheeler, 7 Texas, 13; Wofford v. Thompson, 8 Texas, 225; Glasscock v. Hamilton, 62 Texas, 150; Mills v. Littlefield, 62 Texas, 31; Stearns v. Bank, 62 Texas, 507.

3.  The assignment by Nettie A. Ford, joined by her husband N. H. Ford, of the stock of merchandise, their community property, to E. M. Ford, as assignee, was valid and vested the title in him.  Purdom v. Boyd, 82 Texas, 136; Coffin v. Douglas, 61 Texas, 406; McKee v. Coffin, 66 Texas, 307.

*Upson, Bergstrom, & Newton,* for appellee, Ross Kennedy.

FLY, ASSOCIATE JUSTICE.—Appellant instituted suit on an open account in the sum of $1660.32, against Mrs. E. C. Ramsay, J. S. Ramsay, Mrs. A. G. Ford, W. H. Ford, Nettie A. Ford, Newton H. Ford and Ellwood M. Ford, who were alleged to be partners composing the firm of Ramsay & Ford.  At the same time an affidavit and bond for attachment were filed and a writ issued, which was levied upon certain goods and merchandise which were valued by the sheriff àt $1691.50. The goods, under order of the court, were sold for $915.40.

On October 23, 1894, Nettie A. Ford, Newton H. Ford, her husband, and E. M. Ford filed an amended answer, in lieu of an answer filed on March 2, 1893, in which the partnership alleged in the petition was denied.  This plea was verified by the oath of N. H. Ford.  At the same time all of the defendants filed general and special demurrers and a general denial, and excepted to $1020 of the account, as barred by limitation, and to the item of $378.07 interest, and to the whole account as not itemized as provided by law.  A plea in reconvention was also filed by Nettie A. Ford, Newton H. Ford, and Ellwood M. Ford, assignee of first two named, in which it was alleged that Nettie A. Ford, being indebted to a number of persons, whose names and residences, with the several amounts due them, were fully set out, had on February 13, 1893, conveyed certain goods, wares and merchandise, her separate property, to Ellwood M. Ford, assignee, to secure her creditors, and that the writ of attachment aforesaid had been levied on said goods to the damage of Nettie A. Ford in the sum of $3000.  Newton H. Ford filed a plea alleging, in the event the property was found not to be the separate property of his wife, Nettie A. Ford, that the same was community property; that he had executed a general assignment of the property to Ellwood M. Ford; and praying for damages for the levy of

the attachment on the same. The assignee, joined by the creditors, also claimed damages for the seizure of the goods under the writ of attachment.

Ross Kennedy filed a plea in intervention claiming that he had leased a certain storehouse in San Antonio, corner of Market street and Main plaza, to John S. Ramsay and N. A. Ford, composing the firm of Ramsay & Ford, the members of the firm being afterwards changed so that N. H. Ford and N. A. Ford composed it; that on February 23, 1893, the property of said firm, including that levied on under the attachment, was being removed from the building, and intervenor sued out a distress warrant for the rent due and to become due, and the matter being afterward tried, judgment was rendered in favor of intervenor against Ramsay & Ford for $1000, under which an order of sale was issued and the property aforesaid sold and the proceeds deposited in the hands of the clerk of the court, and that intervenor was entitled to be first paid out of said money.

Appellant filed a supplemental petition, in which the plea denying the partnership was excepted to, because filed after a plea to the merits had been filed, and because the answer of Nettie A. Ford, Newton H. Ford and Ellwood M. Ford did not present any defense to the action, and in answer to the plea of limitation as to a part of the account, an acknowledgment of the justice of the claim in writing and a promise to pay the same by one of the members of the firm of Ramsey & Ford, was pleaded. In answer, it was alleged that the claim was fraudulent and fictitious, and that after the attachment had been levied the house had been rented by intervenor to E. M Ford & Co., a firm composed of E. M. Ford and E. M. Lemman and that they had been paying for the same to intervenor. It was asked that said E. M. Ford & Co. be cited to appear and answer, and in case it should be determined that intervenor had a lien on the property attached, that appellant have judgment against E. M. Ford & Co. for the accruing rent from February 23, 1893, for one year, covering the time that the distress warrant had been sued out for the rent claimed by the intervenor. E. M. Ford & Co. answered, denying liability.

On November 18, 1895, the cause was called for trial, and all parties having announced ready for trial, appellant suggested the death of J. G. Ramsey, and stated that it had failed to obtain service upon N. G. Ford and W. H. Ford, and dismissed the suit as to them. Judgment by default was asked by appellant, against Mrs. E. C. Ramsay, and was granted for such sum as the jury might find to be due by her to appellant. The motion to quash the writ of attachment was overruled. The exception setting up limitation as to $1020 of the account, and the exception to the item of $378.07 interest, and the exception to the whole account as not being itemized as provided for sworn accounts, were sustained by the court. All the exceptions of appellant were overruled.

The cause was submitted to a jury, and the following verdict was returned:

"1.    We, the jury, find for the defendant Newton H. Ford against the plaintiff; also in favor of Nettie A. Ford and E. C. Ramsay against the plaintiff.

"2.    We, the jury, find in favor of E. M. Ford, assignee of N. H. Ford and Nettie A. Ford, against the plaintiff and George W. Brackenridge and Ferdinand Herff, and assess his damages at $2919.50.

"3.    We, the jury, find in favor of Ross Kennedy, intervenor, for the sum of $1150 and costs of suit of Ross Kennedy v. Ramsay & Ford, in suit No. 1682 in the 45th Judicial District Court, Bexar County, Texas, and the same is a prior lien to all parties herein on the property seized.

"4.    We, the jury, find for E. M. Ford & Co. against the plaintiff.

"5.    We, the jury, find in favor of John P. Campbell, sheriff, against the said E. M. Ford, assignee of N. H. Ford and Nettie A. Ford."

Newton H. Ford then came into court and stated that for the purpose of correcting the errors in the charges of the court, concerning the right of appellant to recover against him without proof of the partnership, he would admit that appellant was entitled to judgment against him in the full sum sued for, and judgment was so rendered.    The balance of the judgment followed the verdict.    The record shows that the parties hereinbefore mentioned as being sued by appellants as partners were not partners, and none of them were indebted to appellant in any sum, except Newton H. Ford.    Before the levy of the attachment, Newton H. Ford had made a valid assignment of his property for the benefit of his creditors.    G. W. Brackenridge and Ferdinand Herff were sureties on the attachment bond of appellant.

The original answer is not made a part of the record in this case, and this court cannot assume that a denial of partnership was not contained therein.    However, had it been in the record, and it had shown that the denial of partnership was not included in it, we would not be inclined to hold that it came too late in an amended answer.    It cannot be classed either as a plea in bar or abatement, but merely is an agency that is permitted to be used at any time before the trial on the merits to fix the burden of proving an allegation that is otherwise taken as confessed.    There was no error, therefore, in overruling appellant's exception to the plea denying partnership, and it was not error to refuse the charge presenting to the jury the insufficiency of the plea denying partnership.

A judgment by default was taken by appellant against Mrs. E. C. Ramsay for such sum as the jury might find to be due by her to appellant.    The jury found, in effect, that she owed nothing.    That part of the verdict is claimed to be contrary to law and the evidence, and Railway v. Edloff (Tex. Sup.), 34 S. W. Rep., 414, is cited as authority. That case has no bearing on the proposition.    The judgment by default was taken subject to the amount the jury might determine was due by her, and if nothing was due, no judgment could be rendered against

her. This would seem to be axiomatic. Mississippi Mills v. Bauman (Tex. Civ. App.), 34 S. W. Rep., 683; Hall v. Jackson, 3 Texas, 305; Holland v. Cook, 10 Texas, 244.

The partnership of Ramsay & Ford was denied to have ever been composed as alleged in the petition, and that denial was verified by the affidavit of N. A. Ford. That plea inured to the benefit of all the defendants, and put appellant upon proof of the partnership. It was never contemplated by the statute that every one alleged to be a member of a firm should swear to a denial of partnership, but the affidavit can be made by one member, or even by an attorney. The denial by N. H. Ford of the partnership placed the question in issue as to all the other defendants alleged to be members of the firm. Willis v. Morrison, 44 Texas, 27. The statute does not require the verification of the plea by all the parties who may desire proof of the allegation of partnership. It only requires that the plea "shall be verified by affidavit." Sayles' Civ. Stats., art. 1265.

Appellant complains that the jury were not instructed to return a verdict against Newton H. Ford, and also that after the jury had returned a verdict in favor of Newton H. Ford he was permitted to confess judgment as to himself and have it entered against him. The complaint is aimed at the manner in which appellant got its judgment, and not at the judgment itself. It got all it proved against Newton H. Ford, and a complaint based on the mode in which the judgment was arrived at is without merit. The action on the part of N. H. Ford in confessing judgment as to himself did not affect the verdict as to the other parties. The action of the court in permitting Newton H. Ford to confess judgment against himself after a verdict did not have the effect of granting a new trial in the case. The cases cited by appellant do not sustain such contention. It would seem clear that appellant has not been injured by the action of the court, and it has no just cause for complaint. The facts in this case fail to show liability upon the part of any one except N. H. Ford, and appellant obtained a judgment against him.

We are of the opinion that the assignment made by Nettie A. Ford, joined by her husband, for the benefit of creditors described as hers, was a valid assignment. The husband signed and acknowledged the instrument and it was to all intents and purposes an assignment of his property for the benefit of his creditors. The wife had no power or authority to engage in a mercantile business in her own or any other name, and the property was community property and the debts community debts. The description of the property as being that of the wife, and the debts as being those of the wife, do not alter their true status or character, and the husband acquiescing in the act, the assignment was a valid one. Green v. Ferguson, 62 Texas, 525; Epperson v. Jones, 65 Texas, 428; Schmick v. Bateman, 77 Texas, 329; Purdom v. Boyd, 82 Texas, 133; Wetzel v. Simon, 87 Texas, 403. The last case is clearly decisive of the point in question. The facts show that New-

ton H. Ford was a member of the firm of Ramsay & Ford. In 1889 Mrs. Nettie A. Ford bought out the interest of Mrs. E. C. Ramsay, and Newton H. Ford had full control of the business. The goods belonged to the community, and a valid assignment was made of them to Ellwood M. Ford.

Let it be admitted that the charge complained of in the seventh assignment was erroneous, it did not harm appellant. Whether the debt was due or not, it obtained judgment against the only party shown to be liable for the amount sued for.

The partnership having been denied, and no proof of the partnership having been produced, the letter written by Newton H. Ford could bind no one but himself as a new promise to pay the debt due appellant. In the absence of proof that the defendants were partners, it would have been erroneous to have instructed the jury to find against all the defendants on the contents of the letter of N. H. Ford. The charge asked was upon the weight of the evidence, had it been correct in other particulars.

The judgment against Ramsay & Ford in favor of Ross Kennedy was sufficient proof of the indebtedness of that firm to him for rent.

The twentieth and twenty-eighth assignments of error are not well taken. The pleadings of E. M. Ford fully alleged the value of the goods, and there was no controversy as to value, and the return of the sheriff was sufficient proof of the same.

The verdict, taken with the pleadings and the charge, form a sufficient basis for the judgment. It is affirmed.

*Affirmed.*