STATEN AUTO CO. v. HOGG.

(Court of Civil Appeals of Texas. Dallas. Nov. 8, 1913. Rehearing Denied Nov. 29, 1913.)

1. PARTNERSHIP (§ 213*)—ACTIONS AGAINST FIRM—EXISTENCE OF PARTNERSHIP—BURDEN OF PROOF.

Where in a suit against a firm the partnership is denied under oath, the burden rests on plaintiff to prove the partnership, and if this is not done the party denying it is entitled to judgment.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 408, 409; Dec. Dig. § 213.*]

2. APPEAL AND ERROR (§ 1067*)—REVIEW—PREJUDICE.

Where plaintiff's horse was killed by defendants' automobile and the court charged that to recover they must believe defendant was guilty of negligence substantially as alleged, and that it was negligence, as a matter of law, for plaintiff to permit the horse to run at large in the city where the accident occurred, and if he did so and such act proximately contributed to the injury, the jury should find for defendants, the court's refusal to charge that unless defendants were guilty of the negligence charged, and such negligence proximately caused the injury, the jury should find for defendants, and even though defendants were negligent as alleged, yet if they further believe plaintiff was negligent, and such negligence proximately contributed to the injury, plaintiff could not recover was properly refused.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4229; Dec. Dig. § 1067.*]

3. TRIAL (§ 252*) — INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

Where plaintiff's horse was killed in a collision with defendants' automobile, and there was no evidence that the presence of certain vehicles of plaintiff in the street was the proximate cause of the accident, the court properly refused to charge that it was negligence, as a matter of law, for a person to permit any vehicle to which an animal was not attached to remain standing in a city street for more than an hour and if plaintiff's act in permitting certain of his vehicles so to stand proximately contributed to the injury, he could not recover.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by Walter Hogg against Claude S. Staten and Edgar T. Staten, doing business as the Staten Auto Company. Judgment for plaintiff, and defendants appeal. Affirmed as to defendant Claude S. Staten and reversed as to defendant Edgar T. Staten.

T. L. Camp and Walter M. Nold, both of Dallas, for appellants. Joe Utay, of Dallas, for appellee.

TALBOT, J. This action was originally brought in the justice's court, precinct No. 1, Dallas county, Tex., by Walter Hogg, against Claude S. Staten and Edgar T. Staten, alleged to be a partnership doing business as the Staten Auto Company, seeking to recover $175 as damages for injuries to a mare belonging to plaintiff, alleged to have resulted from negligence of the defendants' agent and employé in operating an automobile on and along Jackson street, in the city of Dallas, on October 22, 1909. The trial resulted in a judgment for plaintiff against both defendants for $175, and the case was properly brought before the county court of Dallas county at law, for trial de novo, and was tried in said court, on February 3, 1913, resulting in a verdict and judgment for plaintiff against both defendants, for $175, and 6 per cent. interest, from February 3, 1913, and all costs of suit. Defendants duly made a motion for new trial which was overruled, and they appealed and now ask this court to reverse and render the judgment of the court below as to Edgar T. Staten, defendant, and reverse and remand the cause as to the defendant Claude S. Staten.

It is alleged that plaintiff's mare was so seriously and permanently injured that it became necessary to kill her; that the market value of the mare was $175, and that defendants were guilty of negligence: (1) In propelling the automobile at an unlawful rate of speed; (2) in driving said automobile on the left side of the street in violation of custom; and (3) in giving no notice or warning of the approach of the automobile. Edgar T. Staten denied under oath the alleged partnership, and otherwise the answer of defendants consisted of a general denial, and special pleas to the effect that the driver thereof was not guilty of negligence as alleged by plaintiff, but that he was driving the automobile at a moderate and lawful rate of speed at the time of the accident, to wit, about nine miles an hour; that the injury to plaintiff's mare was not caused by the negligence of defendants, but by the negligence of plaintiff's servants and employés: (1) In permitting the mare to run at large, across the street; (2) in permitting vehicles owned by plaintiff to remain standing on the street near where the accident occurred, in violation of a city ordinance, blockading the street and obstructing the view of those driving along the street; (3) that if said mare was being led at the time the automobile struck her, plaintiff was guilty of negligence in leading said mare from behind said vehicles and obstructions immediately in front of defendants' automobile.

[1] The first assignment of error asserts that the court erred in refusing to give the special charge No. 4 requested, to the effect that, plaintiff having adduced no evidence tending to show that Edgar T. Staten was properly joined as a party defendant in the cause, they should return a verdict in favor of said defendant. This charge should have been given. The alleged partnership of Claude S. Staten and Edgar T. Staten, the defendants, was expressly denied under oath, and there was no evidence whatever adduced tending to prove the existence of such a partnership, or that Edgar T. Staten was otherwise properly joined as a party defend-

ant. An answer setting up a denial of partnership, as alleged in the petition, must be verified by affidavit. If not so denied, proof of the partnership is not necessary. If such denial is made, then the burden rests upon the plaintiff to prove the partnership, and if this is not done, the party denying the partnership under oath is entitled to judgment. This view is supported, we think, by the following authorities: Hayden Saddlery Hardware Co. v. Ramsay, 14 Tex. Civ. App. 185, 36 S. W. 595; Robertson v. Dubose, 76 Tex. 1, 13 S. W. 300.

[2] The second assignment of error complains of the court's refusal to give appellants' requested charge No. 5, to the effect that unless the jury believed defendants were guilty of negligence as charged in plaintiff's petition, and that such negligence proximately caused the injury complained of, to find for defendants, and, further, that even though they should believe that defendants were guilty of negligence as alleged in plaintiff's petition, yet if they further believed that plaintiff was guilty of negligence, as alleged in defendants' answer, and such negligence of plaintiff proximately contributed to the injury complained of, their verdict should be for defendants. There was no material error committed in refusing this charge. By the court's general charge the jury were, in no event, authorized to return a verdict in favor of the plaintiff, unless they believed from the evidence that the defendants were guilty of negligence substantially as alleged by plaintiff, and upon the issue of contributory negligence they were instructed by special charge, requested by defendants, that it was negligence as a matter of law for the owner or keeper of a horse to permit the same to run at large within the corporate limits of the city of Dallas, and that if the jury should find the plaintiff, his agents or employés, permitted the mare in question to run at large within the corporate limits of the city of Dallas, and said act proximately caused or contributed to the injury complained of, to find for defendants. In this connection the jury were told that "being without restraint or confinement constitutes running at large." The refusal of the charge under consideration, if error at all, was not such a denial of the rights of the appellants as was reasonably calculated to cause and did cause the rendition of an improper judgment in the case; and, this being true, we would not be warranted in reversing the case because of such refusal. Rule 62a (149 S. W. x). The special charge referred to, and which was given by the court at the instance of appellants upon the issue of contributory negligence, was all the instruction called for by the evidence on that issue.

[3] By their third assignment of error appellants assert that the court erred in refusing the following special charge requested by them, namely: "You are instructed by the court that it is negligence, as a matter of law, for any person to permit any vehicle of any name or character owned by him or under his control, to which there is not attached a horse or other animal or animals, to remain standing or situated on any public street in the city of Dallas for a length of time exceeding one hour; and, if you find from the evidence in this case that the plaintiff, his agents, servants, or employés permitted any vehicle of any name or character owned by him or under his control, to which there was not attached a horse or other animal or animals, to remain standing or situated on Jackson street for a length of time exceeding one hour, and that said act proximately caused or contributed to the injury complained of, then your verdict must be for the defendants." The court did not err in refusing this charge, for the reason, if no other, that it was not called for by the evidence, and probably would have been misleading. The undisputed testimony, the testimony of defendants' own witness, shows that the mare came on the street from the north; that the automobile at the time and just before the collision was being driven as near the south side of the street, which was 40 or 50 feet wide, as possible; that when the driver of the automobile first saw the mare in the street she was 15 or 20 feet from him, and that at the rate of speed he was going the automobile could have been stopped by the exercise of ordinary care in time to have avoided the collision. In the state of the evidence it seems clear that if plaintiff left vehicles belonging to him standing on the street in violation of a city ordinance, and was thereby guilty of negligence, such negligence was not the proximate cause of the injury sustained by the mare. The theory of the defendants is that the automobile was not being driven at a greater rate of speed than 10 miles an hour at the time of the accident, and this theory is supported by the testimony introduced by them. Their witness Edward Wilson testified that he was driving eight miles an hour, that when he first saw the mare in the street she was about 15 or 20 feet from him, and that an automobile running eight miles per hour ought to be stopped in a distance of two or three feet by using the emergency brake; that the mare "came up on the left-hand side like she was going by, and then she turned and ran in front of me. There was more than enough room for her to pass." It may be admitted that whether plaintiff left vehicles belonging to him standing on the street was a question of fact, and that if they were so left, the plaintiff violated a city ordinance and was thereby guilty of negligence, per se, yet if such negligence did not proximately contribute to bring about the collision and injury to appellee's mare, the same furnished no defense to the action, and the special charge was properly refused. It is well settled that an act which is declared

by statute to be negligence affords no cause of action or ground of defense unless the act is a proximate cause of the injury complained of. We believe the only ground upon which any claim of contributory negligence can be predicated under the testimony in this case is that the mare was running at large in violation of an ordinance. Upon this issue the evidence was conflicting, and the jury resolved it in favor of the plaintiff. According to the testimony of the witness Wilson, he saw the mare in the street before the collision; she came up, meeting him as though she was going to pass the automobile, but suddenly turned to cross the street in front of the car. Under these circumstances the leaving of the vehicles standing in the street could have had nothing to do with the collision. But it seems the charge was properly refused because there was no evidence showing that the vehicles had been standing on the street exceeding one hour when the accident occurred.

The judgment of the lower court as to Claude S. Staten is affirmed and as to Edgar T. Staten is reversed, and judgment here rendered for him.

Affirmed in part; reversed and rendered in part.