**EASTLAND et al. v. FULLER et al.**
**(No. 2311.)**

(Court of Civil Appeals of Texas. Amarillo.
April 9, 1924. Rehearing Denied
May 7, 1924.)

1. **Partnership** ⊂══222 — Question of existence not considered by appellate court, where no denial under oath.

Failure of defendants sued as partners to deny partnership under oath in their pleadings precludes consideration on their appeal of their contention that no partnership existed.

2. **Partnership** ⊂══213(2) — Sworn denial of partnership by one defendant sued as partner held not to inure to other defendants.

A sworn denial by one of defendants sued as partners, which was not made to apply to partnership generally, did not inure to benefit of other defendants who failed to deny under oath.

3. **Judgment** ⊂══230—Held not erroneous as not definitely fixing rights of parties or in allowing clerk discretion in issuance of execution.

Provision in decree for prorating of unpaid part of judgment among solvent defendants and plaintiffs, if execution should be returned unsatisfied against any defendant and for issuance of execution against defendants for respective pro rata parts which were to be determined in specified manner, *held* not erroneous as not definitely fixing rights of parties and allowing clerk to determine whether further execution should issue; court having found that certain parties were insolvent.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by E. E. Fuller and others against J. H. Eastland and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Carrigan, Montgomery, Britain, Morgan & King, of Wichita Falls, for appellants.

Martin & Oneal and W. B. Chauncey, all of Wichita Falls, for appellees.

RANDOLPH, J. This suit was brought by E. E. Fuller, J. E. Ward, J. W. Donehoo, and W. B. Chauncey, as plaintiffs, against W. S. Robertson, L. E. Bodkin, D. C. Smith, F. A. Ray, W. F. Ramming, H. B. Patterson, J. C. Davis, H. L. Lewis, T. A. Hunter, R. H. Collier, J. R. Saunders, M. A. Bundy, Epps, G. Knight, R. N. Ballew, G. T. Dunn, G. L. Jones, J. P. McCoy, J. N. Mincey, J. E. Robertson, Ike Sablosky, J. S. Hyatt, and J. H. Eastland, as defendants.

[1] The questions raised in the brief for appellants, involving the partnership relation alleged by plaintiffs, cannot be considered by us. The appellants allege that they denied the partnership under oath. This is not correct. The only parties appealing from the trial court's judgment are appellants East-

land and Mincey. Their pleadings are not sworn to.

The rule is that a general partnership must be denied under oath, and, lacking such pleading duly verified, the record is to be taken as though the denial had not been made. This being true, the failure to deny under oath is a confession of partnership. Hence the questions raised as to that partnership cannot be considered by us. This rule is sustained by the following authorities: Railway Co. v. Tisdale, 74 Tex. 8, 11 S. W. 900, 4 L. R. A. 545; G. C. & S. F. Ry. Co. v. Edloff, 89 Tex. 454, 34 S. W. 414, 35 S. W. 144; Johnson v. Dyess (Tex. Civ. App.) 149 S. W. 203.

[2] In this case the suit was not based upon a written instrument, the interpretation of which would determine the relation subsisting between the parties, but is based upon a general allegation of partnership. D. C. Smith one of the defendants, filed the general sworn denial of partnership, to wit:

"Defendant denies that he is or was on the dates alleged in plaintiffs' petition, or at any time, a partner of the defendant partnership or with any other of the parties named as a member thereof, and specially denies that he was engaged in business under such firm style."

This denial, not being made to apply to the partnership generally, does not inure to the benefit of appellants who alone complain of the judgment, and whose pleading is deficient in the respect stated. It is held, in the case of Hayden-Saddlery Hardware Co. v. Ramsay, 14 Tex. Civ. App. 185, 36 S. W. 595, that, where a general denial as to the existence of a partnership between all the named parties is contained in an answer filed by one of the defendants, such pleading inures to the advantage of all the parties and puts the opposite party upon proof of partnership. But the distinction, as stated above, is clearly defined between that case, and the case at bar, and the court, in the case of Ginners Mutual Underwriters v. Wiley & House (Tex. Civ. App.) 147 S. W. 631 (writ refused), clearly states the correct rule to be that where the denial is a limited one, excluding the idea of a general denial of partnership, the rule laid down in the case of Hayden v. Ramsey, supra, is not applicable, and that such limited denial does not inure to the benefit of the codefendants.

[3] The error is assigned that the judgment of the trial court was erroneous, in that the court decreed "that in the event of said execution against any one or more of said above-named defendants, if said amount is not satisfied, then the amount remaining unpaid on said execution shall be prorated among the solvent defendants and the plaintiffs herein, and execution shall then be issued against the defendants for their pro rata part of the amount which remains unsatisfied under said execution, and that said

amounts shall be prorated in the same ratio as the original amounts subscribed by said defendants bear to the total sum of $40,000, and, in the event any of said defendants and plaintiffs shall have to pay any amount adjudged herein against the other defendants, then they shall hold. judgment against said other defendants for the amount so paid by them," for the reasons: (a) Because the court does not definitely determine and fix the rights of the parties; (b) because it is left to the clerk to determine whether or not further execution shall be issued; (c) because the court, in the event an execution is.returned unsatisfied and the plaintiff, or any of the defendants, shall have to pay any amount adjudged against the other defendants, that such plaintiffs or defendants who have so paid shall hold judgment against said other defendants for the amount paid by them.

We do not agree with these contentions. The judgment was a final judgment, and furnished the exact means by which the clerk would be governed in ascertaining the amount due by each party and the additional amount recovered by each in the event of the failure to secure such amount under execution. The court also expressly finds that certain parties are insolvent, hence there can be no need of the interposition of the clerk or other administrative officer ·in ascertaining who was insolvent.

We have considered the additional propositions and assignments, which do not involve the partnership questions, and find them without merit. Hence we overrule all assignments and propositions, and affirm the judgment of the trial court.

BOYCE, J., not sitting.