## ZIMMERMAN et al. v. BOWMAN. (No. 8201.)

Court of Civil Appeals of Texas. San Antonio.
April 10, 1929.

Rehearing Denied May 1, 1929.

Perkins & Floyd, of Alice, for appellants.
Goodhue Weatherly, of Falfurrias, for appellee.

FLY, C. J. Appellee sued Obed Zimmerman and Edom Zimmerman, appellants, doing business as farmers under the partnership name of Zimmerman Bros., on a certain promissory note in the sum of $430. Each of the appellants filed an answer, Obed pleading the statute of limitations of four years (Rev. St. 1925, art. 5527), and Edom denying being a member of the partnership, and pleading four years' limitation. The court rendered judgment for appellee in the sum of $330 principal, $144.60 interest, and $47.46 attorney's fees, aggregating $522.06.

The promissory note on which the suit was based was dated November 1, 1922, was due one year after date, and was signed "Zimmerman Bros., by Obed Zimmerman." On its face it was barred by limitation of four years, as the suit was filed on August 16, 1928, and appellee sought to meet the issue of limitation by an allegation that on September 13, 1926, appellants executed and delivered to appellee an acknowledgment in writing of the indebtedness, and on November 16, 1927, gave appellee a further acknowledgment in writing of the indebtedness. The only evidence introduced of an acknowledgment was a letter written by Obed Zimmerman to appellee on November 16, 1927, in answer to a letter written to him by appellee on November 9, 1927, requesting the payment of $200, and, if he could not send that amount, then $100. He informed Obed Zimmerman that, if he did not hear from him at once, he would place the claim in the hands of an attorney for collection. Appellee received the following answer:

"Falfurrias, Tex. 11/16/27.

"Dear Friends: Mr. Bowman and Wife I am selling my home so I can pay you and as soon as I get the money I think that is more than some one would do. I had a hundred dollars save up at one time to pay you. Mrs. Zimmerman had a long spell of sickness and I used it for Dr. Bill. Now Mr. Bowman I am doing the best I can. Please wait a little longer.

"With best wishes I am your friend as ever, Obed Zimmerman."

The foregoing are in substance all the facts proved. The suit was against a partnership, but the partnership was denied under oath by Edom Zimmerman. There was no proof of a partnership by appellee. When a partnership is sued, and one of the alleged partners denies the existence of partnership, the plea inures to the benefit of all the defendants, and puts appellee upon proof of the partnership. Hayden Saddlery Co. v. Ramsay, 14 Tex. Civ. App. 185, 36 S. W. 595, writ of error refused. If there had been a positive denial of the partnership when the note was executed, Edom could not be held liable on the note, for the note purported to be executed by a partnership by Obed Zimmerman. However, Edom Zimmerman alleged "that he was at one time a partner with the defendant Obed Zimmerman, but this defendant says that at the time of the accrual of the cause of action herein, and of the happening of the events complained of in plaintiff's petition, this defendant does not believe he was at said time a partner with the defendant Obed Zimmerman, and this defendant particularly denies any partnership existing between this defendant and said Obed Zimmerman on the dates of September 13, 1926, and November

16, 1927, and that at no time was this defendant a partner with the said Obed Zimmerman, when any acknowledgment of an indebtedness was made to the plaintiff herein, and said defendant Obed Zimmerman was without any authority to make any agreements with reference to extending any notes of the partnership of Zimmerman Bros."

The denial of partnership existing at the time the note was executed was too uncertain and indefinite to put appellee upon proof that the partnership was in existence at that time, but it is fully pleaded that such partnership did not exist at the time the letter acknowledging the existence of the debt was written by Obed Zimmerman. Appellee introduced no testimony to show that the partnership was in existence at the time the letter was written. The letter was written by Obed Zimmerman, and it did not seek to bind the partnership, but the writer alone.

█ The statement of facts contains nothing except copies of the note and the two letters. There is nothing to identify the note sued on with the debt which Obed Zimmerman expressed a desire and intention to pay. The letter written by appellee does not connect the note sued on with the debt mentioned in Obed Zimmerman's letter; in fact, it has a tendency to break the line of connection by making the debt shown by "your notes," and not the note. The evidence is so uncertain that we do not feel that a judgment resting upon it should be sustained, and the cause should be remanded for full development. The exceptions to the petition were properly overruled.

The judgment is reversed, and the cause remanded.