CONGDON & AYLSWORTH v. H. W. MONROE & Co.

1. PLEADING—PARTNERSHIP.—The partnership of defendants, who are sued upon an instrument of writing alleged to have been signed by the firm, can be put in issue by pleadings not sworn to.
2. SAME—CASE APPROVED.—Cushing v. Smith, 43 Tex., 261, approved.
3. SUIT AGAINST PARTNERSHIP.—Suit against two parties alleged to be partners, upon an account, with prayer for general relief, on proof of the account as against one of the defendants, can be maintained against such defendant.
4. CASE APPROVED.—Willis v. Morrison, 44 Tex., 33, approved.

APPEAL from Gonzales. Tried below before the Hon. Everett Lewis.

The facts sufficiently appear in the opinion.

*Joseph O' Connor,* for appellants.

I. The court erred in overruling plaintiffs' exception to the introduction of evidence by defendants to prove that no partnership existed. (Paschal's Dig., art. 1442; Drew v. Harrison, 12 Tex., 279; Persons v. Frost & Co., 25 Tex. Supp., 129; Davis v. Marshall, 25 Tex., 372; May & Co. v. Pollard, 28 Tex., 677.)

II. The court erred in overruling plaintiffs' motion for new trial, for the reasons therein stated.

1st. It was apparent from the evidence that the goods had been received by one of these defendants, and had not been paid for. The verdict was contrary to this evidence.

2d. The court, in the second instruction to the jury, led them to believe that if the proof did not establish a partnership between the defendants, no debt or liability was created on the part of either of them by the purchase and receipt of the goods.

3d. Plaintiffs' petition contained a prayer for general relief, which entitled plaintiffs to a new trial, that they might correct the errors in their pleadings, in misjoinder of parties, and the court should have granted a new trial, when it was apparent that an injustice had been done, or granted such relief as the equities of the case required. (Hipp v. Hutchett, 4 Tex., 24; Hardy v. De Leon, 5 Tex., 211; McDaniel v. Mann, 25 Tex., 102; Trammell v. Watson, 25 Tex. Supp., 216.)

*Harwood & Winston*, for appellees.

I. The statute only requires a denial of partnership under oath, where the defendants deny the partnership of plaintiffs, or where the suit is founded upon a written contract.

In this case the defendants denied that they were partners only. (Paschal's Dig., arts. 1442, 1443.)

II. The petition must state the cause of action correctly, and when the evidence differs from the allegations in the petition, the variance is fatal.

The appellants sued H. W. Monroe & Co. The statement of facts shows that no such firm existed at the time of the alleged sale. (Gammage v. Alexander, 14 Tex., 418.)

III. A party must recover, if at all, upon the identical cause as made in his petition. (Parker v. Beavers, 19 Tex., 410; Roseborough v. Gorman, 6 Tex., 314.)

GOULD, ASSOCIATE JUSTICE.—Appellants, in their petition, alleged that H. W. Monroe and John Monroe composed the firm of H. W. Monroe & Co.; alleged a sale of goods to the firm, and, after praying for citation to defendants, prayed for judgment for their debt and for equity and general relief. The defendants filed separate answers, not verified by affidavit, denying the existence of the firm and denying the alleged indebtedness. Evidence was admitted, over the objection of appellants, establishing that there was no such firm as H. W. Monroe & Co., but that H. W. Monroe carried on business in his own name. It appeared, also, that the goods were received by him, and that he admitted the debt. The charge of the court instructed the jury, that unless there was such a firm as H. W. Monroe & Co., composed of H. W. Monroe and John Monroe, to find for defendants; and accordingly there were verdict and judgment for defendants.

Appellants' first proposition is, that "the court erred in admitting the testimony to prove no partnership, because the answer of defendants was not verified by affidavit of one or both of defendants." The response to this proposition is, that the petition was not founded on any written instrument charged to have been executed by the firm, and that the partnership of defendants "was put in issue by the pleadings, without being sworn to." (Cushing *v.* Smith, 43 Tex., 261; Fowler *v.* Davenport, 21 Tex., 634.) But the charge of the court prohibited the jury from finding against either of the defendants, unless their liability as a firm had been established. This charge, however correct, if tested by "the rigid system of the common law as to forms of action," asserts a rule of pleading and practice which this court has declared to be "contrary to the whole current of our practice and decisions." (Willis *v.* Morrison, 44 Tex., 33.) The question came up directly in that case, and was decided contrary to the position taken in the charge under consideration. On the authority of Willis *v.* Morrison, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.