ROBERT KEITHLEY v. J. C. SEYDELL.

(Case No. 4031.)

1. JUDGMENT ON LOST NOTE — VARIANCE. — In a suit on a lost note alleged to have been executed by several, the plaintiff assumes the burden of proving that the note, with all the signatures upon it as described in his petition, once existed. After doing this, he is not required to prove the genuineness of the signatures or the binding force of the note on all of the defendants. If he

prove the execution of the note by some of those who he alleged made it, he may recover against them, and judgment may be rendered in favor of those defendants against whom no proof is made, or the suit may be dismissed as to them. He is not bound to prove that all the defendants are bound in order to recover against any of them.

APPEAL from Dallas. Tried below before the Hon. Geo. N. Aldredge.

Suit brought by appellant as administrator of Adelaide Keithley, deceased, against appellees J. C. Seydell, N. R. Winniford, Wm. Fleming, S. C. Atterbury and Wm. II. Freeman, upon a promissory note.

The note was alleged to have been executed and delivered to plaintiff's intestate by the defendants and one Wm. Keithley (since deceased), and was set out in the petition as follows, to wit:

"$1,000.          LANCASTER, Texas, January 1, 1871.

"One year after date we or either of us promise to pay to Adelaide Keithley the sum of one thousand gold dollars, for value received, bearing interest at the rate of twelve per cent. per annum until paid.          (Signed)          "J. C. LEYDELL,
                                                                              "N. R. WINNIFORD,
                                                                              "WM. KEITHLEY,
                                                                              "WM. FLEMING,
                                                                              "S. C. ATTERBURY,
                                                                              "WM. H. FREEMAN."

The plaintiff alleged that the note had been lost or destroyed.

The defendants answered by general demurrer, general denial, and by pleas of *non est factum*, under oath.

June 26, 1874, the plaintiff amended by alleging a mistake in the date of the note as described in the original petition, and changing the date from January 1, 1871, to January 1, 1872. He also filed interrogatories to the defendants.

On the same the day defendants excepted to the amendment, because it set up a new cause of action, and because it described a different note from the one first set out.

On December 2, 1879, the cause was submitted to the court without a jury, and judgment rendered for the defendants.

The plaintiff proved by a witness, who was a brother of the intestate, that he had frequently seen and read the note; that it was destroyed by a fire which consumed the house of the intestate in 1873. He described the note as it was described in the amended petition, as to amount, date, etc. Upon its face it purported to be signed by all the defendants and by William Keithley, deceased. Defendant

Seydell had paid $100 on the note; had admitted to witness that he owed the note and desired to. pay it, but had not the money. The note had been given to plaintiff's intestate for money loaned to Seydell. William Keithley (deceased), and also the defendants Winniford and Atterbury, both admitted to witness that they had signed the note. But there was no proof that it had been signed by the defendants Fleming and Freeman.

The assignments of error were: First and second. The judgment is contrary to and unsupported by the law and the evidence. Third. The judgment should have been for the plaintiff.

*John J. Good*, for appellant.

*Sawnie Robertson*, for appellee.

DELANY, J. COM. APP.— In considering this case we omit all that relates to the interrogatories propounded by the plaintiff, except to say that they were not pertinent to the matter in issue. The defendants were not asked if they had executed the note in suit, but if they had signed any note. Of course no judgment could have been rendered against them upon their failure to answer. But the judgment actually rendered is assigned as error, and the question is, can that judgment be maintained? Counsel for appellees puts the case thus: The plaintiff declared upon a note signed by six. He proved a note signed by two. There is a fatal variance between the allegations and the proof. A non-suit would have resulted at common law; and judgment must have been rendered against the plaintiff under our practice. We are not prepared to acquiesce in this summary disposition of the case.

There is no doubt about the rule at common law. If suit was brought on a note signed by two, and the note when produced was signed by only one, the plaintiff was non-suited, because he had declared on a particular note, and had produced an entirely different one. It was a question of identity. But the common law rule went still further. If a plaintiff sued several defendants upon a contract and proved that it was made by them all, yet if, in point of law, it was not obligatory upon some one of them, either upon the ground of infancy or coverture, at the time it was entered into, the plaintiff would be non-suited, and in this case he could not dismiss as to the infant or *feme covert*, but must discontinue and bring a new suit — omitting the parties improperly joined. 1 Chitty's Pl., 50; Austin & Clapp *v.* Jordan, 5 Tex., 134.

But that is not the law with us, as is shown by the case just cited. In this state, as at common law, he who sues upon a written instrument must give such description of it as will inform the defendant of the nature of the claims against him; and the paper when produced must correspond with the one described or the variance will be fatal. Our statute upon the subject is as follows: "When any petition, answer or other pleading shall be founded in whole or in part on any instrument or note in writing, charged to have been executed by the other party or by his authority, and not alleged to be lost or destroyed, such instrument or note in writing shall be received in evidence, without the necessity of proving its execution, unless the party by whom, or by whose authority, such instrument or note in writing is charged to have been executed, shall file his affidavit in writing denying the execution thereof.        Pasch. Dig., art. 1443.

This is a suit upon a note charged to have been executed by the defendants and one Wm. Keithley, who has since died. Now let us suppose that the petition had not alleged the loss of the note, and that the defendants had pleaded a general denial. This would have required the production of the note. Now suppose that the note when produced had answered the description of the note proven in this case. The plaintiff would have been entitled to a judgment. Because in that case there would have been no variance. The instrument described in the pleading and that produced in evidence would have been the same. But if there had been some latent defect in the instrument which was not apparent upon its face and must be shown by evidence *aliunde*, this would be matter of defense and must have been set up by plea. As if one or more of the defendants had not in fact signed the paper, or were infants or married women. This might have been set up by plea of *non est factum*, or infancy, or coverture. The successful interposition of either of these pleas by a part of the defendants would at common law have defeated the plaintiff's whole case, for he must recover against all or none. Austin *v.* Jordan, 5 Tex., 130; Horton *v.* Wheeler, 17 Tex., 52.

But that is not the law with us. The plea would avail the party pleading it, but not the others. Shipman *v.* Allee, 29 Tex., 17. Thus, there is a very important difference between the law of this state and the common law, so far as the rights and remedies of the plaintiff are concerned in cases like this. And the difference is important in its effects upon the rules of evidence applicable to the case. At common law the plaintiff must allege and prove the lia-

bility of all the obligors. And why so? Because, if he does not recover against all he cannot recover against any. Complete proof against all the defendants was absolutely necessary to any recovery whatever. But here the plaintiff may recover against a part without a recovery against all, and the reason of the common law rule ceasing, the rule itself should cease.

Suppose, then, as in the case before us, the plaintiff declares upon a note which is alleged to have been lost. He then assumes the burden of proof. Proof of what? Must he prove that all the obligors actually signed the note and are liable upon it? Why should he be required to make proof against all the defendants unless he could recover against all? It is answered that he has alleged that all the defendants executed the note, and that his proof must correspond with his allegations. But in the case supposed awhile ago, where the note was not alleged to have been lost, the plaintiff must have made the same allegations as to all the defendants, viz., that they executed and delivered the note. Yet in that case the plaintiff might recover against those who were not discharged by plea, though he failed as to those who were so discharged. That is, the production of the note proves the liability of those who are not discharged by plea, but it makes no proof against the others. Is there any superior merit in that sort of evidence which consists in the production of the note over other competent evidence to prove the same facts? We think not. In our opinion, where a plaintiff sues upon a lost note, he assumes, in the first place, the burden of proving that the note, with all the signatures upon it, just as he has described it in his petition, once existed, and that it is lost. When he has done this the question of variance is settled. He has proven the existence of the instrument as he has described it, and its loss. In the next place, as to the genuineness of the signatures, as to the binding force of the instrument upon all or a part of the defendants, that is another question. He is not required to prove that all the defendants are bound, as he was at common law, in order to recover against a part. If he prove the execution by a part, he may recover against them, and judgment may be rendered in favor of those against whom no proof is made, or the suit might be dismissed as to them.

There can be no essential difference in principle between permitting the plaintiff to dismiss as to one defendant and take judgment against the other, and rendering judgment in his favor as to one defendant and against him as to the other. This is illustrated by the cases of Willis v. Morrison, 44 Tex., 27, and Congdon v. Monroe,

51 Tex., 109. The first of these cases was upon an order or draft, purporting on its face to be drawn by a firm composed of two. Yet upon the plea of *non est factum* interposed by one, it was held that judgment might be rendered in his favor and against the other. The result would have been the same if the suit had been upon a promissory note. And yet in the latter case the plaintiff would have alleged, as is done in all suits upon promissory notes against several makers, that the defendants "made, executed and delivered" the note. In that case, Chief Justice Roberts says that the judgment would be proper "unless we adopt the rigid system of the common law as to forms of action, which required the plaintiff to be non-suited, if he sued two persons on a joint contract and one of them showed himself not to be liable on the contract. This would, it is believed, be contrary to the whole current of our practice and decisions from the earliest times of our judicial history;" citing Austin *v.* Jordan, 5 Tex., 130. The case in the 51st volume was upon a joint contract implied in the purchase of goods, and the supreme court followed the case of Willis *v.* Morrison.

In fact the moment we admit that a plaintiff who has sued several defendants on a promissory note may, without amendment, dismiss as to one and take judgment against the remainder, the common law doctrine of variance between the allegation and the proof (except in the matter of description) ceases to apply to the case.

The plaintiff having acquired a mere right under one system which he did not possess under the former, we simply readjust the rule of evidence so as to give him his appropriate remedy.

Our opinion is that the judgment should be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted by a majority of the supreme court June 26, 1883.]