**SCHAFF v. LYNN et al.　(No. 6986.)**

(Court of Civil Appeals of Texas.　San Antonio.　June 13, 1923.)

**1. Judgment ⊜⇒256(6)—Judgment for less than amount found by jury is rendered on the verdict.**

Where the jury answered special issues favorably to plaintiff and stated the amount of shrinkage of plaintiff's live stock in transit, a judgment for plaintiff, but for less than the amount found by the jury would justify, was nevertheless rendered on the verdict as required by Rev. St. art. 1990, and not a judgment notwithstanding the verdict, and defendant cannot complain of such a judgment.

**2. Appeal and error ⊜⇒301—Error not going to foundation of action is not "fundamental error."**

An alleged error which does not go to the foundation of the action is not a "fundamental error" which can be considered though not raised in the motion for a new trial.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fundamental Error.]

Error from Jim Wells County Court; R. R. Mullen, Judge.

Suit by B. J. Lynn and others against C. E. Schaff, as receiver, and others. Judgment for the plaintiffs against the named defendant, and that defendant brings error. Affirmed.

Kleberg, Stayton & North and John S. McCampbell, all of Corpus Christi, for plaintiff in error.

Perkins & Floyd, of Alice, and Capps, Cantey, Hanger & Short and E. A. McCord, all of Fort Worth, for defendants in error.

FLY, C. J. This is a suit for damages to two carloads of cattle shipped by rail from San Diego, Tex., to Fort Worth, Tex., instituted by B. J. Lynn and R. Lynn against the Texas Mexican Railway Company, the San Antonio & Aransas Pass Railway Company, and the Missouri, Kansas & Texas Railway Company of Texas, through its receiver, C. E. Schaff. On the first trial judgment was rendered in favor of the first-named railway companies and against the receiver. On appeal the judgment was affirmed as to the first-named railways and reversed and remanded as to the receiver. Schaff v. Lynn (Tex. Civ. App.) 238 S. W. 1034. In an amended petition the first-named railways were omitted as defendants, and the Fort Worth Belt Railway Company made a party with C. E. Schaff, receiver of the Missouri, Kansas & Texas Railway Company. The cause was submitted to a jury on special issues to which they answered that the whole of the damages to the cattle was caused by the negligence of Schaff, receiver, and that no damage was caused by any negligence on the part of the Fort Worth Belt Railway Company. This writ of error is prosecuted by Schaff, receiver.

The jury found that the cattle were delivered to the initial carrier at San Diego, for transportation to Breedlove Live Stock Commission Company at Fort Worth, that the receiver of the connecting line was negligent in the handling or transportation of the cattle, that the shippers sustained damage by such negligence, that the cattle that died in transit were killed through negligence of the receiver, that if the steers had been delivered properly they would have been brought at Fort Worth $10.25 a hundredweight, and the cow $7.25 a hundredweight. They found the shrinkage to be 20 pounds per head and that all the damages resulted from the negligence of the receiver of the Missouri, Kansas & Texas Railway Company of Texas. Judg-

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ment was rendered in favor of appellees, B. J. and R. Lynn, as against the receiver, for $297.80, and that they and the receiver take nothing as against the Fort Worth Belt Railway Company.

The evidence is ample to show negligence on the part of the receiver which caused the damage to the cattle, and there is evidence upon which a jury could base a finding that all of the damages occurred through the negligence of the receiver, and that none of the damages were caused by negligence on the part of the Belt Railway Company. These conclusions dispose of assignments of error first to sixth, inclusive.

[1] The seventh assignment of error is overruled. The receiver cannot complain that judgment was rendered for less than the amount found by the jury would justify. The jury found for more per hundredweight as damages than the sum rendered by the court in his judgment. Appellant could not have been injured thereby. The judgment was rendered as required by article 1990, Revised Statutes, on the findings of the jury. The verdict was in favor of the Lynns, and the court in rendering judgment cut down the amount found against the receiver. The court did not disregard the verdict, but followed its general tenor after correcting an error as to amount. No issue or finding thereon was disregarded by the court. The judgment was not one non obstante veredicto, which is strictly a judgment given for the plaintiff where the defendant has a verdict. The decisions cited by appellant refer to that class of judgments.

[2] The seventh assignment of error is an afterthought and was not raised in the motion for new trial. It is labeled "fundamental error." We do not think it is fundamental. It does not go to the foundation of the action.

The judgment is affirmed.