**GARVEY et al. v. GUARANTY BANK & TRUST CO. (No. 1536.)**

Court of Civil Appeals of Texas. Beaumont. June 18, 1927.

Rehearing Denied Sept. 21, 1927.

1. **Attachment ⬅107—Plaintiff in attachment need not state in petition or affidavit data by which mathematical computation can be made of amount of demand (Rev. St. 1925, art. 275).**

Under Rev. St. 1925, art. 275, requiring plaintiff in attachment to give amount of demand, plaintiff need not state in his petition or affidavit data by which a mathematical computation can be made of amount of demand, but allegation express and definite of amount due is sufficient.

2. **Attachment ⬅229—Discrepancy of $3.50 between amount claimed and amount actually due did not render invalid affidavit and petition for attachment.**

In suit on note, discrepancy of $3.50 between amount alleged to be due and an amount shown upon trial to be actually due, where the claim was $2,768.65, did not render invalid, as against motion to quash, affidavit and petition on which attachment for amount due was issued.

3. **Appeal and error ⬅1078(1)—Assignments of error, not briefed or supported by propositions, cannot be considered.**

Assignments of error in motion for new trial, not briefed or supported by propositions, cannot be considered.

4. **Costs ⬅238(2)—Appellant, failing to call trial court's attention to error in calculating amount due, is liable for costs of appeal.**

Where appellant did not call trial court's attention to error in calculating amount due, thereby affording court opportunity to make correction, costs of appeal will be taxed against him.

Appeal from District Court, Nacogdoches County; C. A. Hodges, Judge.

Suit by the Guaranty Bank & Trust Company against Ed Garvey and another, in which plaintiff sued out a writ of attachment levied on property of defendant C. F. Williams. Judgment for plaintiff, and defendants appeal. Reformed and affirmed.

V. E. Middlebrook, of Nacogdoches, for appellants.

S. M. Adams, of Nacogdoches, for appellee.

WALKER, J. This suit was instituted by appellee in Nacogdoches county against Ed Garvey, of Harris county, Tex., and C. F. Williams, of Kay county, Okl., upon a promissory note in the sum of $3,100, dated the 1st day of February, 1924, due the 1st day of May, 1924, with interest at 10 per cent. per annum from maturity, and the usual 10 per cent. attorney's fee clause. On allegations in its petition, duly supported by affidavit, that there was due on this note as of date the 3d of September, 1925, the sum of $2,768.65, appellee sued out a writ of attachment, which, under its direction, was levied upon certain real estate situated in Harris county, Tex., and belonging to the defendant Williams. Defendant Williams answered by motion to quash the attachment proceedings, and by general and special demurrers. Upon the call of the case for trial and announcement therein, the trial court overruled the motion to quash the attachment proceedings, whereupon defendant Williams asked and was granted leave to withdraw his demurrers, and made no further appearance in the trial of the case. Appellee then proceeded with its case, and was granted judgment for the amount of its debt, less the following payments named and designated by the judgment as credits: $100 on the 7th day of April, 1924, $300 on the 12th day of June, 1924, and $500 on the 6th day of July, 1924, with foreclosure of the attachment lien on all the property attached.

Appellants' first and second propositions are as follows:

"(1) When in a suit on a promissory note the defendant's right to a credit, resulting from partial payment, is admitted, but the date of the payment and the amount of the payment are not averred either in the petition or the affidavit, the affidavit is defective, and the affidavit and writ based thereon must be quashed."

"(2) Where the petition in a suit on a note and the affidavit for an attachment are each so framed that the defendant cannot look to the pleadings and the affidavit for attachment, and determine by mathematical computation the amount claimed to be due by the plaintiff, the affidavit for attachment is defective, and the affidavit and writ should be quashed."

[1] These propositions are not sound. There is no statutory requirement that the plaintiff in attachment give in his petition or affidavit the data by which a mathematical computation can be made of "the amount of the demand." On this point, article 275, R. C. S. 1925, requires only that the plaintiff give "the amount of the demand." As we understand the decisions of our Supreme Court since Morgan v. Johnson, 15 Tex. 568, an allegation, express and definite, of the amount due, is sufficient. Such is the direct and positive holding in Espey v. Heidenheimer, 58 Tex. 662, cited by appellant in support of its propositions. In that case the attachment proceedings were quashed because there was no specific amount alleged, and from the data given the amount of the demand could not be ascertained by a mathematical calculation. The omission was the failure to give the date of an alleged credit. The Supreme Court said, emphasizing the word "amount":

"The first requisite of the statute is that the affidavit must state that the defendant is justly

indebted to the plaintiff, and the *amount* of the demand, R. S. art. 132 [article 152, present No. 275]. Is that amount stated, when we are compelled to go outside of the affidavit, and not only calculate the interest upon notes sued on, but conjecture or presume that payments * * * were made at certain times, when there is no allegation to that effect in the affidavit?"

On the proposition involved in its question, the Supreme Court held the affidavit insufficient.

Donnelly v. Elser, 69 Tex. 285, 6 S. W. 563, is directly in point against appellant's propositions. In that case the plaintiff alleged the amount of the demand in the specific sum of $862.86, without giving the data by which that sum could be ascertained. However, the data was given in a subsequent amended petition. The court sustained the affidavit upon the specific allegation as originally made.

[2] In the case before us, the amount of the demand as alleged was $2,768.65. The amount actually due, as shown by the facts developed on the trial and as found by the conclusions of fact stated in the judgment, was only $2,765.14, if we accept as correct the calculation of appellant; and for the purposes of this argument we assume that his calculations are correct, and take the sum of $2,765.14 from his brief. By appellant's calculation it appears that appellee made a demand for $3.50 more than was in fact due. This discrepancy between the specific amount alleged and the amount shown upon the trial did not render invalid the affidavit and petition upon which the attachment was issued. In the Donnelly Case just cited, there was a variance between the amount of the demand expressly and definitely alleged in the sum of $862.86, and the amount shown by exhibit attached to an amended petition and shown upon the trial. In sustaining the affidavit, Judge Stayton, speaking for the Supreme Court, said:

"It has never been held that a failure to state the amount of the demand, as subsequent judicial investigation may find it to be, will vitiate an attachment."

As we understand appellant's third and fourth assignments, he is complaining that the court erred in rendering an excessive judgment. On this construction of his propositions, we sustain this contention. Including interest and attorney's fees, the trial court entered judgment in favor of appellee for the sum of $3,156.86. The correct amount as of date September 9, 1926, the date of the judgment, after giving due credit for the payments set out in the judgment, was: Principal and interest, $2,742.30; attorney's fees, $274.23—making a total sum of $3,016.53. On this calculation, the judgment of the trial court is reformed and here rendered for the sum just named.

[3] While appellant in his motion for new trial complained of errors not discussed, these assignments are not briefed or supported by propositions. The four propositions discussed by us dispose of all the errors briefed by appellant.

[4] Because appellant did not call the trial court's attention to the error in the calculation of the amount due, thereby affording him an opportunity to make the correction, the costs of this appeal will be taxed against him.

Reformed and affirmed.