### KELSEY et al. v. MYERS.
### No. 691.

Court of Civil Appeals of Texas. Eastland.
April 25, 1930.

Rehearing Denied July 11, 1930.

F. O. Jaye, of De Leon, for plaintiffs in er-ror.

Y. W. Holmes, of Comanche, for defendant in error.

On Rehearing.

LESLIE, J.

This suit was instituted by E. J. Myers, defendant in error, against Arthur Kelsey and T. E. Welch, plaintiffs in error, to recover on an alleged contract for work and labor performed by plaintiff at the instance of Kelsey and Welch on the H. E. White well No. 1 at Hasse, Comanche county, Tex., and the Cozby well No. 1, near De Leon, in said county. In the introductory part of his petition the plaintiff charges:

"That on or about the 28th day of April, 1928, the plaintiff and defendants entered into a contract whereby defendants employed the plaintiff to do certain labor and services in, and around and about, and in connection with a certain well known as the Ellis Cozby No. 1 in Comanche County, Texas, agreeing to pay him for his said labor and services the sum of $12.00 per day for a portion of said time; and the sum of $6.00 per day for a portion of said time on well known as the H. E. White No. 1 in Comanche County, Texas."

The plaintiff's further allegations proceed in logical order, claiming the sum of $180 for work on the White well, $720 for work on the Cozby well, and acknowledged a credit of $60. The plaintiff also alleged that he was "not aware of whether a partnership existed between the defendants, but if so, he sued in that capacity."

In answer to this petition, Welch and Kelsey jointly filed a general demurrer, and entered a general denial. Later, Welch answered individually by general demurrer, general and special denial, and denied under oath any partnership relation with Kelsey in the drilling of either well. An attachment issued, was levied upon certain properties, and being replevied, the sureties on the bond in that way became parties to this suit.

In due time the cause came on for hearing, and at the conclusion of the trial, which was before the judge without a jury, a judgment was rendered in favor of the plaintiff Myers against the defendant Kelsey and the sureties on his replevy bond for the sum of $165.88 for labor performed on the White well, and it denied Myers any recovery against Welch for work on this well. As to plaintiff's claim

for $720 for labor performed on the Cozby well, the court rendered judgment in favor of the plaintiff against both defendants, Kelsey and Welch, and their sureties, for the sum of $704.20. From the judgment as a whole the defendants Kelsey and Welch et al. sued out a writ of error to this court.

In an opinion by this court on April 25, 1930, the judgment of the trial court was affirmed. Thereafter, in response to a motion for rehearing by plaintiffs in error, this court concluded that, since the plaintiff Myers alleged a contract with both Kelsey and Welch as to the White well, and succeeded in proving a contract between himself and Kelsey only for labor there performed, he would not, under the law, be entitled to a judgment as against either of the defendants; and in that respect we altered our original opinion and judgment, and for the reasons stated denied the plaintiff a recovery against either Welch or Kelsey for labor on the White well. We were influenced in this holding by some of the expressions in Stewart & Company v. Gordon, 65 Tex. 344. Consequently, the trial court's judgment relating to recovery for work on the White well was reversed and remanded for a new trial. The judgment under our original opinion was otherwise slightly modified, but on the whole it was affirmed.

The defendant in error, Myers, has now filed a motion for rehearing, and attacks the correctness of our conclusions in disposing of the motion for rehearing by Kelsey et al., plaintiffs in error. This has caused a careful re-examination of the entire record, and we are still earnestly seeking to arrive at a correct conclusion upon the merits of the case in so far as the condition of this record permits.

Upon further consideration of the appeal, we have concluded that, in passing upon plaintiffs in error's motion for a rehearing, we erred in denying Myers a recovery against Kelsey for labor on the White well, and we are now confirmed in the belief that our original disposition of the case in that respect was correct. We therefore withdraw the opinions heretofore written, restate the case more fully, and cite additional authorities compelling the conclusions now entertained.

■■ Plaintiffs in error's first proposition asserts that "allegations by the plaintiff that he entered into a contract with two defendants will not support a judgment on the proof that it was made with only one of them." This proposition is insisted upon most vigorously and it is especially material from the standpoint of Kelsey. As noted, the suit seeks a recovery on two independent contracts. Clearly the plaintiff alleged a contract for labor with both Welch and Kelsey in each instance. We are here particularly considering the judgment for labor on the White well. The evidence undoubtedly estab-

lishes the liability of Kelsey for that labor. In that situation we believe the opinion in McDonald v. Cabiness, 100 Tex. 615, 102 S. W. 721, rules this case, and that it requires the overruling of said first proposition. That is an opinion by our Supreme Court through Chief Justice Gaines. It was a case in which the plaintiff, Cabiness, sued defendants, Arch McDonald and R. McDonald, to recover the sum of $6,927, claimed to be due him by virtue of an alleged contract with them for services in procuring the sale of timber. The trial was before the court without a jury, and resulted in a judgment in favor of the plaintiff against Arch McDonald, owner, and denied recovery against R. McDonald. The first assignment presented in the Supreme Court was:

. "The Court of Civil Appeals [98 S. W. 943] in its legal conclusions erred in finding that the plaintiff, in his first amended original petition, had pleaded a contract made with each of the defendants; whereas, the said pleading shows that the contract alleged to have been made was with the defendants jointly, and not with the defendants separately, nor even that it was a joint and several contract, there being no allegations that the alleged contract of plaintiff's employment was made severally with each of the defendants."

After some remarks pertinent to the matter under consideration, our Supreme Court, in its opinion, proceeds as follows:

"If the assignment be sufficiently specific to raise the point, and if it be insisted, that the judgment of the court shows that there was no joint contract, and that therefore there was a variance between the pleading and the proof, the answer is that this does not follow. A plaintiff need not prove all his allegations. It is sufficient if he prove enough of them to make a case. When a plaintiff alleges that two parties to a contract made him a promise, although under the rule at common law as to joint and several contracts, that is a joint promise, yet the allegation necessarily means that each of them promised. Hence we see no good reason why, although he has alleged the promise of the two, he should not recover against one upon proof that he promised, although he may fail to prove the promise of the other. We conclude that there was no error in sustaining under the pleading a judgment against Arch McDonald, which at the same time denied a recovery against his codefendant."

The point decided, as indicated in the excerpt, is substantially, if not identically, the one now considered. Whenever it has arisen in this state, the opinion in the McDonald Case has, since its date, been generally followed. Negociacion, etc., v. Love et al. (Tex. Civ. App.) 220 S. W. 224, 231; Priddy v. Childers (Tex. Civ. App.) 231 S. W. 172; (reversed on different point (Com. App.) 240 S. W. 1107); Priddy v. Childers (Tex. Civ. App.) 248 S. W. 144; Compton v. Jennings Lbr. Co. (Tex, Civ. App.) 266 S. W. 569, 573; Dallas Plumbing Co. v. Harrington (Tex. Civ. App.) 275 S. W. 190; Laurel Oil Co. v. Stockton (Tex Civ. App.) 281 S. W. 1106; Phillips v. Chapman, Com'r (Tex. Civ. App.) 288 S. W. 1100; Golden v. Wilder (Tex. Civ. App.) 4 S.W.(2d) 140; Whitham v. Donovan (Tex. Civ. App.) 11 S.W.(2d) 197; First National Bank of Cleburne v. Graham (Tex. App.) 22 S. W. 1102; Willis v. Morrison, 44 Tex. 27; Congdon v. Monroe, 51 Tex. 109; Keithley v. Seydell, 60 Tex. 78; Baum v. McAfee, 125 S. W. 984.

From the opinion in the Negociacion Case, above, we take the following:

"The appellant also urges that there was a variance between the contract pleaded and that proven, in that it was alleged that the contract of employment was made between Winter on the one part, and Alfonso Madero and the San Enrique Company on the other part, and it was alleged that services were rendered for such parties, and that such parties became indebted to him therefor, while the contracts in evidence on which recovery was had were the contracts of the San Enrique Company alone, and that the services were rendered for the San Enrique Company alone. Under the rules of common-law pleading there would unquestionably be a variance that would prevent recovery under this state of facts. There is a statement in the case of Stewart v. Gordon, 65 Tex. 347, that sustains appellant in this contention, and there are also some other cases that would seem to support this view. Letot v. Edens [Tex. Civ. App.] 49 S. W. 109, and perhaps others. In the case of Keithley v. Seydell, 60 Tex. 82, it is shown that, under our statutes and decisions, the difficulty in the way of recovery in such case would be only by reason of misdescription. The Supreme Court in the case of McDonald v. Cabiness, 100 Tex. 615, 102 S. W. 721, said: 'We see no good reason why, although he (the plaintiff) has alleged the promise of the two (defendants), he should not recover against one upon proof that he promised, although he may fail to prove the promise of the other.' "

From the opinion in the Compton Case we quote:

"In his motion for rehearing appellant for the first time urges and presents as fundamental error the proposition that there is a fatal variance between the allegata and probata, in that the petition declares upon an account against Compton and the J. L. Scott Construction Company and the evidence shows an account against the J. L. Scott Construction Company only. Stewart v. Gordon, 65 Tex. 344, is cited and supports the proposition that proof of a contract made by the plaintiff with only one of the persons with

whom he has alleged he jointly contracted will not support a judgment solely against the person whom the proof shows alone made the contract. But this ruling has not been followed by later decisions."

The rule in the McDonald Case is plain and unmistakable, and has application to such a state of pleadings and testimony as that before us. And whether the rule rests on the ground (1) that it is just a reasonable modification of the "rigid system of the common-law as to forms of action" (Willis v. Morrison, supra), or (2) on the ground that, "when a plaintiff alleges that two parties to a contract made him a promise, although under the rule at common law as to joint and sev-. eral contracts, that is a joint promise, *yet the allegation necessarily means that each of them promised*" (McDonald v. Cabiness, italics ours), or (3) whether it be considered as one arising strictly out of variance between pleading and proof, the same conclusion is necessarily reached, and the rule leads to correct results.

If the question here under consideration be looked upon as one of variance (as it doubtless is), then the rule is well stated in 49 C. J. p. 810, § 1190, as follows: "Modern authorities hold that no variance between the allegation of the pleading and the proof offered to sustain it shall be deemed material if the adverse party is not surprised or misled to his prejudice in maintaining his action or defense upon the merits."

The text is supported by authorities from various jurisdictions, among them about twenty-five Texas cases, the first of which is McDonald v. Cabiness, supra. Hence, viewed from this angle, and with due regard to the elementary rule that the allegations and proof must correspond, it is also the well-established rule that variance between pleadings and the evidence is not fatal unless it misleads or surprises the adverse party. In addition to the foregoing authorities, see Wilson Hydraulic, etc., v. James (Tex. Civ. App.) 271 S. W. 424; Dougherty v. Robb (Tex. Civ. App.) 5 S.W.(2d) 582; McMillan v. Rutherford (Tex. Civ. App.) 14 S.W.(2d) 132; Nickels v. Gilmore (Tex. Civ. App.) 293 S. W. 884; Goodwin v. Abilene State Bank (Tex. Civ. App.) 294 S. W. 883.

And, as we read this record there is no evidence that Kelsey or either of the other defendants was surprised, misled, or in any way prejudiced by any variance in pleadings and testimony on that phase of the case under consideration. The proposition is overruled.

■ Further, to present the question of variance as one of law, the evidence should have been objected to on that ground at the time it was offered, or when the variance became apparent, the counsel should have moved to exclude the evidence, or at least in some appropriate way raised the question and given the trial judge an opportunity to pass on it. Dallas Plumbing Co. v. Harrington, supra, and authorities therein cited; 21 R. C. L. p. 606, § 149.

We seriously doubt that any question of variance was raised, but have chosen to consider the point on its merits.

■■ Plaintiffs in error's proposition under the second assignment is to the effect that it was 'error for the trial court to hold defendants Kelsey and Welch liable on a contract as partners when the contract was denied under oath and there was an absence of proof of a community of interest as among the alleged partners in the losses, profits, or the capital of the business.

Construing this proposition to be a challenge of the sufficiency of the testimony to support the recovery (in respect to the Cozby well) on the contract alleged as indicated in the excerpt from the pleadings made in the beginning of this opinion, we believe it should be overruled. As to the White well, no recovery was allowed against the defendant Welch, but as to the Cozby well, although the defendant Welch was on the stand in his behalf and testified as to the White well, "I had no relation to it whatever," yet he gave no such testimony as to the Cozby well. On that phase he apparently refrained from committing himself. The trial was before the court without a jury, and the court became the exclusive judge of the facts proved, the credibility of the witnesses, and the weight to be given to the testimony, and since, after a consideration of the statement of facts, we are of the opinion that the judgment is reasonably supported by the testimony, we would not be authorized to set it aside on the contention here made. Where a cause is tried by the judge, the judgment will not be disturbed unless clearly unsupported by or contrary to the evidence. Numerous authorities to this effect are cited under article 2176, Vernon's Annotated Civil Statutes 1925.

■ By proposition under the third assignment of error the plaintiffs in error complain that the court, in rendering a judgment, allowed a credit of $40 only, whereas the plaintiff, defendant in error, admitted in his petition that the amount sought to be recovered was entitled to a credit of $60. We have studied the assignment, the proposition, and the statements in the respective briefs, and, taking into consideration the fact that the court did give some character of credit upon each item of the judgment, and that interest was likewise allowed and figured, we are unable to ascertain from the plaintiffs in error's brief, and the record before us, that the court committed any material error in the respect mentioned. In other words, the brief, by means of which the proposition is presented,

does not manifest any error in the respect complained of. As said in Scheiner v. Proband, 73 Tex. 532, 11 S. W. 538: "Every reasonable intendment must be indulged in favor of the correctness of the action of the court below, and it is incumbent upon appellant to show the error complained of, if she would reverse the judgment."

By a proposition under the fourth assignment of error complaint is made that the trial court erred in refusing to grant plaintiffs in error a new trial in order that they might avail themselves of newly discovered testimony. We have carefully considered the defendant's first amended original motion for a new trial setting up the newly discovered testimony. It is claimed that such testimony was discovered after the trial; in fact, on the afternoon of the day on which the judgment was rendered against plaintiffs in error. It is set out in the motion that it was discovered at said time that one A. C. Polnac knew and could give certain material testimony tending to establish their defense. It is alleged that this information was gained after the trial through one James Keyser, who had been a workman on the Cozby well. In an affidavit by Louis J. Phelps, marked "Exhibit C," and made a part of the motion relied upon by plaintiffs in error, it is testified by said Phelps: "That he informed T. E. Welch that he had seen James Keyser in Gorman, Texas, and that the reason he did so (inform him) was because T. E. Welch had informed him that he had been in a lawsuit that day, and that a judgment had been rendered against him, T. E. Welch, because he had been unable to locate witnesses who could testify about agreements made and entered into between A. Kelsey and E. J. Myers and R. L. Looker, and that T. E. Welch had told this affiant that if he could have known where James Keyser, R. L. Lewis and Austin Guest were, that he could have placed them on the stand and produced testimony that would have been beneficial to his defense and that this affiant then notified him that he had seen James Keyser in Gorman, Texas." From this it is apparent that Welch announced ready for trial and tried the case without making any effort to postpone the trial or gain a continuance, notwithstanding he knew that James Keyser, R. L. Lewis, and Austin Guest were material witnesses. He certainly had a right to apply for a continuance for the purpose of procuring their attendance upon the trial or for the purpose of obtaining their depositions in the event their attendance could not be had. The court would doubtless have given him a reasonable opportunity to locate the witnesses and obtain the testimony. With such opportunity he would have at once learned from Keyser, who was apparently at a nearby town, the information that Polnac, who resided in the county of the trial, would also make a material witness. Instead of exercising this degree of diligence and caution, the plaintiffs in error appear to have gone to trial under circumstances that very clearly indicate a lack of diligence. The circumstances mentioned, together with others shown by the record, and which it is unnecessary to discuss, are of such nature that we are unable to say that the learned trial court abused his discretion when he overruled the motion for a new trial upon the ground of newly discovered evidence. Such motions for a new trial for newly discovered evidence are addressed to the sound discretion of the trial judge and, where denied, the appellate court will not reverse, except for a clear abuse of discretion.

We would not be authorized to convict the trial court of such an abuse in this case. See Sherrill v. Union Lbr. Co. (Tex. Civ. App.) 207 S. W. 149; Strachbein v. Gilmer (Tex. Civ. App.) 202 S. W. 333; Woldert v. Pukli (Tex. Civ. App.) 221 S. W. 1112; Wright v. Stone (Tex. Civ. App.) 273 S. W. 937; and numerous other authorities to be found under article 2232, Vernon's Annotated Civil Statute 1925, note 77.

It does not appear that the alleged newly discovered evidence could not have been discovered before the trial by the exercise of ordinary care and diligence. Peters v. Williams (Tex. Civ. App.) 271 S. W. 430; Schaff v. Lynn et al. (Tex. Civ. App.) 253 S. W. 590; N. Nigro & Co. v. Globe Fruit Co. (Tex. Civ. App.) 298 S. W. 304, and authorities there cited.

There is another proposition that the trial court erred in refusing a new trial since the damages assessed were manifestly excessive. The damages allowed had support in the testimony, and for the reasons hereinbefore stated we would not be authorized to disturb the judgment of the trial court.

Other parties advanced propositions similar to those hereinbefore discussed, but what has been said is equally applicable to these, and all propositions are overruled.

The defendant in error's motion for rehearing is granted.

For the reasons assigned, the judgment of this court pursuant to the opinion rendered by it in response to plaintiffs in error's motion for a rehearing is set aside, and the judgment of the trial court is in all things affirmed.

FUNDERBURK, J. (concurring).

The writer concurs in the disposition of the appeal solely upon the authority of McDonald v. Cabiness, 100 Tex. 615, 102 S. W. 721, and the other cases cited in the opinion by Judge LESLIE. It appears to me that

McDonald v. Cabiness and most of the other cases are not distinguishable from this upon any sound principle. Unless, however, the pleadings in each of said cases are properly to be regarded as alleging a contract to which only the plaintiff and the defendant, against whom recovery was sustained, were parties, then I am equally unable to perceive any distinction in principle between this case and McAlister v. Bivings, 29 S.W.(2d) 853, decided by this court only a few weeks ago, and the long list of cases therein cited as authorities. In the last-named case we said: "By plaintiffs' pleading the defendant was charged upon a contract consisting of an unconditional personal promise. The findings of the trial court, which are unchallenged and must therefore be looked to solely as the basis of the judgment, show that the agreement was conditional. Plaintiffs could only recover upon proof of the contract alleged." The following cases were cited in support of that statement: Morris v. Kasling, 79 Tex. 141, 15 S. W. 226, 11 L. R. A. 398; W. U. Tel. Co. v. Smith, 88 Tex. 9, 28 S. W. 931, 30 S W. 549; Stewart v. Gordon, 65 Tex. 344; Shipman v. Fulcrod, 42 Tex. 248; Gammage v. Alexander, 14 Tex. 418; Brown v. Martin, 19 Tex. 344; W. U. Tel. Co. v. Swearingen, 95 Tex. 420, 67 S. W. 767; Padgitt Bros. Co. v. Dorsey (Tex. Civ. App.) 194 S. W. 1124; Bagley v. Brack (Tex. Civ. App.) 154 S. W. 247; Letot v. Edens (Tex. Civ. App.) 49 S. W. 109; Loudon v. Robertson (Tex. Civ. App.) 54 S. W. 783; D. H. Adams & Co. v. T. P. C. & O. Co. (Tex. Civ. App.) 275 S. W. 1100; Blum v. Sams (Tex. Civ. App.) 250 S. W. 760; Atlas Torpedo Co. v. U. S. Torpedo Co. (Tex. Civ. App.) 15 S.W.(2d) 150; Kildow v. Irick (Tex. Civ. App.) 33 S. W. 315; J. I. Case Plow Works v. Morris, 17 Tex. Civ. App. 6, 42 S. W. 652; McConnell v. Payne & Winfrey (Tex. Civ. App.) 229 S. W. 355; Stuart v. Calahan (Tex. Civ. App.) 142 S. W. 60; Nunn v. Townes (Tex. Civ. App.) 23 S. W. 1117; W. U. Tel. Co. v. Byrd, 34 Tex. Civ. App. 594, 79 S. W. 40.

In my opinion, if there is any principle of law so elementary and certain that it ought to be regarded forever beyond question, that principle is that one who brings suit to recover upon a contract cannot recover upon proof of another and materially different contract than the one alleged. A note or other contract, when suit is brought to enforce the rights of the plaintiff therein, is not merely the evidence to prove the existence of a cause of action, but it is the cause of action itself, or if not the whole of it, at least a material part thereof. Such is the necessary import of certain decisions, as, for instance, those holding that where a note is given for a pre-existing indebtedness the right of action on the original indebtedness is thereby suspended until default in payment of the note, when arises the right of election to sue upon the note or upon the original indebtedness. Otto v. Halff Bros., 89 Tex. 384, 34 S. W. 910, 59 Am. St. Rep. 56; Casey-Swasey Co. v. Anderson, 37 Tex. Civ. App. 223, 83 S. W. 840. The very existence of such right of election is dependent upon the existence of two inconsistent causes of action of which certainly the note is one. The distinctness of the two causes of action is such that proof of one is wholly unavailing when only the other is alleged. Casey-Swasey Co. v. Anderson, supra. If then a contract, when sought to be enforced, is the cause of action, it follows that, if one may be permitted to sue upon a contract and recover upon proof of another and different contract, he is thereby permitted to assert one cause of action in his suit and have judgment upon another cause of action. That this cannot be done is so well established as an elementary principle of our jurisprudence as rightly to be called a legal axiom. The great number of decisions, of which those cited in McAlister v. Bivings, supra, are examples, forbids the notion that our courts have deliberately and consciously intended to repudiate that principle. Yet it must be confessed that the opinion in McDonald v. Cabiness, supra, is extremely difficult to harmonize with a recognition of such principle. It seems that the Court of Civil Appeals [98 S. W. 943] in that case felt justified in construing the pleadings as having alleged a contract between the plaintiff and each of two other parties, which, if correct, it is easily seen authorized a judgment against one of them without reference to the other. Under that view the question is simply one of the construction of pleadings and the question here presented not involved. But, in the Supreme Court complaint was made of that construction of the pleadings and upon that point the Supreme Court said: "We are not prepared to hold that the Court of Civil Appeals erred in its construction of the pleading as to the matter of which complaint is made, *but think it unnecessary to decide the point.*" (Italics ours.) The statement of the reason it was unnecessary to decide the point seems to support the proposition that, upon allegations of a contract to which, for example, A was one party and B and C were the other parties, recovery could be had upon proof of a contract to which the only parties were A and B. That seems to be the construction that later decisions citing that case have placed upon it. If such be the proper interpretation of that decision and still it be true that same is not inconsistent with the elementary principle that one cannot sue to recover upon one cause of action and have judgment upon proof of another and different cause of action, there must exist some refinement of distinction of a nature so subtle as to be beyond the grasp of the writer's mental equipment. Upon the

question of the identity of a contract or cause of action, can it be said there is no lack of identity where the contract alleged is one to which A is party of the first part and B and C are parties of the second part, and the proof is of a contract to which A is party of the first part and only B is party of the second part, and yet that there is a want of identity where the contract alleged is the offer (and acceptance) of a reward for the *capture* of A, and the contract proved is the same except it is for the *capture* and *conviction* of A? Morris v. Kasling, supra.

If there be any possible basis of distinction, it seems to me that it is so artificial, so incapable of the application to it of a definite principle, as that the inevitable consequence of an attempt to apply it is necessarily an ever-increasing uncertainty and confusion.

The writer recognizes that the propriety and wisdom of his policy of calling attention from time to time to apparently conflicting lines of decision may be debatable. The likelihood, if not the certainty, that his motives will be misunderstood and misconstrued, is fully appreciated. Maybe just a word in attempted justification or excuse will be pardoned. Whether right or wrong, I am singularly out of accord with the general hue and cry for judicial reform. Some of the most needed reforms, I think, call for no constitutional amendments or legislative enactment. Some of the most important reforms, not only in matters of procedure, but in the administration of substantive law, can best be brought about, I think, by the courts giving more attention to the elementary principles of law which are permanent and unchanging, and less attention to the ascertainment and following of what has been held in particular cases. Time after time it is found in the investigation of questions that some expression, mere dicta, perhaps, in a case, has been the beginning of a parallel line of decisions which are in principle in direct conflict with another line of decisions and always resulting in uncertainty which, in turn, becomes the source of increasing litigation. I have an idea that the intermediate appellate courts can perform a most important service to the judiciary by calling attention, as occasion arises, to these matters, to the end that our court of last resort may have the same in mind for whatever, if anything, they may be worth in the solution of its problems. Unless badly self-deceived, the writer has no other motive, in thus giving free and independent expression of his views, than thus to contribute his "mite" to the improvement of our judiciary. The idea may be a mistaken one, and as to that I am entirely open-minded. If and when I may be convinced that such is the case, the policy will be discontinued.